OPINION OF THE COURT
Norman J. Wolf, J.
This case was commenced in New York County. Defendant brought a motion for change of venue to Erie County and *658 plaintiffs cross-moved for summary judgment. Justice Kenneth L. Shorter granted the change of venue motion and denied the cross motion with leave to renew upon transfer.
Defendant now moves for summary judgment dismissing plaintiffs’ complaint. Plaintiffs oppose and have cross-moved for summary judgment upon the grounds that there are no defenses to the cause of action and that the facts warrant a direction of summary judgment as a matter of law.
Buffalo Evening News maintained a pension plan for its employees known as "The Truck Drivers Local #449 and Wholesale Distributors Pension Plan” (Pension Plan) and ERISA trust account. The Pension Plan was a depositor with Erie Savings Bank in account No. M959885. During the period November 23, 1979 through February 4, 1982, approximately $169,450 in the account were improperly withdrawn by John Gress, a trustee and administrator. All withdrawal slips were cosigned by acting trustees. The withdrawals were paid in the form of teller checks payable to John Gress. Gress subsequently pleaded guilty in Federal court to three counts of theft or embezzlement from employee benefit fund.
The first question before this court is whether the defendant was a "fiduciary”. Plaintiffs argue that when the defendant bank agreed to act as a depository for Pension Plan trust funds, it became a fiduciary to that Pension Plan to the limited extent that those funds were in its custody and control.
As a matter of law, this court finds that merely serving as a depository of Pension Plan trust funds does not place defendant bank in the position of a fiduciary, even a limited one. Clearly, the bank’s function here falls outside those embodied in 29 USC § 1002 (21) (A).
Defendant has submitted the affidavit of John McGrath, an assistant vice-president, and copies of the signature cards which demonstrate that account No. M959885 was opened as an organization account and not as a pension trust account. The title on the account was "Trustees of Local 449 & Wholesale Distributors”. The Court of Appeals in Manhattan Sav. Inst. v New York Natl. Exch. Bank (170 NY 58, 67) stated that "Coupling the word 'trustee’ with his name * * * was not an unusual, or peculiar, circumstance; nor, necessarily, imported that he was acting as trustee for others. It simply distinguished, or described, the account, which he opened, in a particular way, satisfactory to himself, and did not call for *659 any investigation on the part of the bank into his authority as trustee.”
Plaintiffs contend that the bank had knowledge or reason to know funds belonging to the pension fund where being diverted to the use and benefit of an individual and that, therefore, the bank is liable for those diverted funds. Plaintiffs have put forward no evidence to support their position that the bank had such actual knowledge.
The withdrawal slips which contain not only Gress’ valid signature but the valid signature of a cotrustee, direct payment to the order of cash or to bearer. Thus, the fact that the bank issued the funds in a teller’s check payable to Gress rather than cash is not dispositive.
Even where a trust is involved, a bank is not in the normal course required to conduct an investigation to protect funds from possible misappropriation by a fiduciary unless there are facts indicating misappropriation. (Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.], 64 NY2d 434.) "To establish joint liability of the bank for the derelictions of the trustee, the plaintiffs must prove that the bank gave to the wrongdoer such assistance as would make the bank a participant in the wrong.” (Grace v Corn Exch. Bank Trust Co., 287 NY 94, 102; see also, Bischoff v Yorkville Bank, 218 NY 106.) Plaintiffs have failed to raise a triable issue of fact such as to defeat defendant’s motion for summary judgment. Accordingly, this court grants defendant’s motion for summary judgment and denies plaintiffs’.